1

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GARY-LINN PACKER, et al.                No. CIV S-07-1358-JAM-CMK

12            Plaintiffs,

13       vs.                                 FINDINGS AND RECOMMENDATIONS

14   COLLEEN ROWE, et al.,

15            Defendants.

16   _____/

17          Plaintiffs bring this civil action against several defendants.  The complaint in this

18   case is titled "Quo-Warrento-Complaint."  The Civil Cover Sheet states this case is for civil

19   damages arising under 18 U.S.C.S. §§1001, 1002, dealing with defrauding the United States and

20   providing criminal punishment for so doing.  Currently pending before the court are two motions

21   to dismiss (Docs. 4 and 11).  A hearing was held on November 13, 2007 on the first motion to

22   dismiss (Doc. 4).  The hearing on the second motion to dismiss (Doc. 11) was taken off calendar.

23          BACKGROUND

24          Plaintiffs' complaint names as defendants the Internal Revenue Service ("IRS")

25   and several IRS employees, Commonwealth Land Title Company ("Commonwealth"), and the

26   State of California Franchise Tax Board ("FTB").  However, it is unknown what the plaintiffs'

1  claims actually are.  The complaint appears to be written in some sort of code, and does not

2  contain any actual decipherable facts.  Plaintiffs appear to be complaining about taxes, the

3  postage stamp, witnesses and evidence.  They also appear to be complaining about something to

4  do with maritime law (mentioning vessels and dry-dock).

5                    COMMONWEALTH LAND TITLE COMPANY

6            The motion to dismiss filed by this defendant is brought under Federal Rule of

7  Civil Procedure 12(b)(6).  It is based on Plaintiffs' failure to state any facts to support any claim.

8  Commonwealth alleges plaintiffs' complaint is incomprehensible and literally impossible to

9  glean what complaints, if any, plaintiffs have against this defendant.

10           Commonwealth also claims service is defective.  Plaintiffs sent Commonwealth a

11  copy of the summons and complaint via certified mail, but not addressed to any officer or agent.

12  Commonwealth argues that it is a corporation, and service is required to be accomplished by

13  delivering copies to an officer or agent of the corporation or possibly the Secretary of State.

14           In opposition to this motion, plaintiffs filed another document titled "Quo-

15  Warrento-Complaint."  This document is written in the same style as the original complaint and

16  is just as unintelligible.  Plaintiffs failed to address any of the issues raised in the motion to

17  dismiss in any intelligible manner.  In addition, plaintiffs failed to appear at the hearing held on

18  this motion.  Local Rule 78-230(j)  provides that failure to appear at a hearing on a motion may

19  be deemed a withdrawal of the opposition to the motion or may result in sanctions.

20                    UNITED STATES OF AMERICA

21           As the real party in interest, the United States of America brings the motion to

22  dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1),

23  insufficiency of service of process under Rule 12(b)(5), and failure to state a claim under Rule

24  12(b)(6). The United States claims that the United States is the only proper defendant, as the

25  individuals named in the complaint are government officials acting in their official capacity, and

26  that plaintiffs' real complaint can only be with the IRS, and thus the United States.  In addition,

1   the United States claims that it is immune from suit under the doctrine of sovereign immunity.

2   The United States also argues that service was not proper, in that plaintiffs simply mailed copies

3   of the complaint to the individual defendants named.  No personal service was attempted, and

4   neither the Attorney General nor the United States Attorney for the Eastern District of California

5   was served.  Finally, the United States claims the complaint fails to state a claim as the complaint

6   is completely unintelligible and fails to state any facts.

7          Plaintiffs did not file any opposition to this motion.

8     DISCUSSION

9          The basis of the motions to dismiss are the lack of subject matter jurisdiction,

10  failure to properly serve the complaint, and failure to state a claim.  As to the lack of subject

11  matter jurisdiction, plaintiffs bear the burden of establishing subject matter jurisdiction.  See

12  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Plaintiffs failed to make any

13  meaningful objection to the motions to dismiss, and in fact failed to file an objection at all

14  against the United States' motion.  As plaintiffs' complaint is unintelligible and can not establish

15  subject matter jurisdiction, and they failed to file any opposition to the motion in order to

16  establish subject matter jurisdiction, the court finds that they have not met their burden.  The

17  undersigned will recommend that the motion to dismiss for lack of subject matter jurisdiction be

18  granted.

19          Plaintiffs appear to have served the summons and complaint by sending the

20  summons and complaint to the defendants by certified mail.  The Federal Rules of Civil

21  Procedure require service upon the United States, its agencies or employees to be competed by

22  delivering a copy of the summons and complaint to the United States attorney for the district

23  where the action is brought and to the Attorney General of the United States.  See Fed. R. Civ.

24  Proc. 4(i).  Defendants claim no such service was completed on the United States attorney or the

25  Attorney General.

26  / / /

1    Commonwealth also claims defective service of process.  Commonwealth states

2  that it is a corporation.  Accordingly, service of process can be accomplished by delivering copies

3  of the summons and complaint to an officer or agent of the corporation, an agent for service of

4  process, or, possibly, the Secretary of State.  <u>See</u>  Cal. Civ. Proc. Code § 416.10, Fed. R. Civ.

5  Proc. 4(b)(1).  Plaintiffs failed to direct service of process at any officer or agent, and instead

6  simply mailed the summons and complaint, via certified mail, to the corporation.

7    "A party must be properly served for the Court to obtain personal jurisdiction

8  over that party."  <u>Hickory Travel Sys., Inc. v. TUI AG</u>, 213 F.R.D. 547, 551-52 (N.D. Cal. 2003).

9  When a defendant challenges service, "plaintiffs bear the burden of establishing that service was

10  valid under Rule 4."  <u>Brockmeyer v. May</u>, 383 F.3d 798, (9th Cir. 2004), <u>see also</u> <u>Hope v. Otis</u>

11  <u>Elevator Co.</u>, 389 F. Supp. 2d 1235, 1244 (E.D. Cal. 2005).  Here, the executed summons

12  plaintiffs filed with the court appear to be defective on their face.  Plaintiffs submitted copies of

13  the certified mailings, but they did not include mailings to the United States attorney, Attorney

14  General, or any specific officer or agent of Commonwealth.   Plaintiffs failed to properly oppose

15  the motions to dismiss, and therefore, have failed to meet their burden in establishing the validity

16  of their service of process.  Therefore, the undersigned will recommend the motions to dismiss

17  be granted for failure to properly serve the defendants.

18    The Federal Rules of Civil Procedure require that complaints contain a "short and

19  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

20  This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

21  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

22  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

23  which it rests.  <u>See</u> <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  "Although a pro se

24  litigant . . . may be entitled to great leeway when the court construes his pleadings, those

25  pleadings nonetheless must meet some minimum threshold in providing a defendant with notice

26  of what it is that it allegedly did wrong."  <u>Brazil v. U.S. Dep't of Navy</u>, 66 F.3d 193, 199 (9th

1  Cir. 1995).  Here, plaintiffs' complaint is unintelligible and thus does not meet the pleading

2  requirements of Rule 8.

3          To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual

4  allegations.  However, it must plead "enough facts to state a claim of relief that is plausible on its

5  face." Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S. Ct. 1955, 1974 (2007).  As the

6  complaint here is unintelligible, and completely void of facts, the undersigned finds that it also

7  fails to state claim under Rule 12(b)(6).  The undersigned recommends the motions to dismiss be

8  granted for failure to state a claim.[1]

9          Based on the foregoing, the undersigned recommends that:

10         1.     Defendant Commonwealth's motion to dismiss (Doc. 4) be granted;

11         2.     Defendant United States' motion to dismiss (Doc. 11) be granted;

12         3.     The complaint be dismissed in its entirety; and

13         4.     The Clerk of the Court be directed to enter judgment and close this case.

14         These findings and recommendations are submitted to the United States District

15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

16 after being served with these findings and recommendations, any party may file written

17 / / /

18 / / /

19 / / /

20

21     [1]    The only other named defendant in this matter is the State of California Franchise Tax Board, who has not appeared.  The proof of service plaintiffs filed indicates that service was

22 attempted by mailing, via certified mail, a copy of the summons and complaint to the FTB. Proper service on a state governmental entity is accomplished by delivering a copy of the

23 summons and complaint to its chief executive officer or to the clerk, secretary, president, presiding officer, or other head of its governing body.  See Fed. R. Civ. Proc. 4(j), Cal. Civ. Proc.

24 Code § 416.50.  Delivery of the summons and complaint to the entity is not properly accomplished by mail under § 415.30 unless written acknowledgement of receipt of summons is

25 executed. Therefore, service does not appear to have been properly executed against any of the defendants, including the FTB.  In addition, as the complaint is unintelligible in violation of Rule

26 8, it should be dismissed in its entirety as against all of the defendants.

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 30, 2008

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE